UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In re:                                                                    CASE NO. 23-19831-PDR

FIRST QUALITY LABORATORY, INC.,                  Chapter 1, Subchapter V
    Debtor.
_____/

**DEBTOR-IN-POSSESSION'S AMENDED
APPLICATION FOR EMPLOYMENT OF ATTORNEY**

    FIRST QUALITY LABORATORY, INC., the debtor-in-possession (the "**Debtor**"), respectfully requests the entry of an Order authorizing the employment of Gary M. Murphree, Esq. and the law firm of AM Law, LLC (collectively, the "**Attorney**") to represent the debtor in this case *nunc pro tunc* to November 29, 2023, and states:

    1.    On November 29, 2023, the Debtor filed a voluntary petition under Chapter 11, Subchapter V, of the United States Bankruptcy Code.

    2.    The Debtor desires the Attorney as bankruptcy counsel in the above-referenced Subchapter V, Chapter 11 case.

    3.    The Debtor believes the Attorney is qualified to practice in this Court and is qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties.

    4.    The professional services the Attorney will render are summarized as follows:

    (a)    To give advice to the Debtor with respect to its powers and duties as debtor in possession;

      (b) To advise the Debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the court;

      (c) To prepare motions, pleadings orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;

      (d) To protect the interests of the debtor in all matters pending before the court;

      (e) To represent the debtor in negotiation with its creditors in the preparation of a plan of reorganization; and

      (f) To perform all other necessary functions as the Attorney for the Debtor for the proper administration of the bankruptcy estate.

5.    To the best of the Debtor's knowledge, neither the Attorney nor his law firm have any connection with the creditors or other parties in interest, or their respective attorneys.

6.    The affidavit of Gary M. Murphree, Esq., demonstrating that the Attorney and AM Law are disinterested as required by 11 U.S.C. §327(a), and the verified statement as required under Bankruptcy Rule 2014 is attached as **Exhibit A**.

7.    The Attorney will apply for compensation and reimbursement of expenses, pursuant to Sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtor   Gary Murphree, Esq, and Brandy Abreu, Esq. agree to be compensated at the rate or $ 400.00 an hour for attorneys and paralegals will be compensated at the rate of $ 150.00 an hour.

8.    Prepetition the Debtor through its business advisor at that time, Lyown Business, 2222 Ponce De Leon Blvd., Suite 5-113, Miami, FL 33134, funded a $15,000 fee retainer on or

about October 31, 2023, and $1,700 filing fee cost retainer on November 27, 2023. The Debtor had transferred from its Debtor's bank account the funds to Lyown Business who then funded the retainer to the Attorney. At this time, Lyown Business was providing general business consulting services that included managing the professionals employed by the Debtor. Before the filing on November 29th, the Attorney invoiced and was paid $6,355 in fees primarily related to the state court litigation pending against the Debtor and funded the $1,738 chapter 11 filing fee, leaving a prepetition retainer balance of $8,607.

9. The Retainer Agreement between the Debtor and Attorney is **Exhibit B.**

10. The Debtor's Resolution authorizing the filing of this Bankruptcy and the retention of the Attorney is **Exhibit C**.

**WHEREFORE**, the Debtor respectfully requests an order authorizing the retention of Gary M. Murphree, Esq., and the law firm of AM Law, LLC., on a general retainer, pursuant to 11 U.S.C. §327 and 330.

Respectfully submitted,

AM LAW, LLC
Counsel for the Debtor, First Quality Laboratory, Inc.
10743 SW 104th Street
Miami, FL 33176
PH: 305.441.9530
FX: 305.595.5086
Prim. email: pleadings@amlaw-miami.com
Sec. email: gmm@amlaw-miami.com

By: */s/ Gary Murphree*
Gary M. Murphree, Esq.
FBN: 996475

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the above foregoing was electronically served through CM/ECF Portal to all parties registered to receive such notice on February 14, 2024.

/s/ Gary Murphree

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

IN RE:                                                              CASE NO. 23-19831-PDR

FIRST QUALITY LABORATORY, INC.,                                     Chapter 11
    Debtor.
_____/

**AFFIDAVIT OF PROPOSED ATTORNEY FOR DEBTOR IN POSSESSION**

STATE OF FLORIDA              )
                                    ) ss
COUNTY OF MIAMI-DADE          )

    Gary M. Murphree, Esq. ("**Affiant**"), being duly sworn, says:

    1.    I have personal knowledge of the facts set forth in this affidavit.

    2.    I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida, and qualified to practice in the United States Bankruptcy Court for the Southern District of Florida.

    3.    I am a partner of the law firm of AM Law located at 10743 SW 104th Street, Miami, FL 33176.

    4.    I have reviewed the list of creditors in this matter and my firm's client database and determined that neither I nor the firm represents any interest adverse to the debtor or the estate, and I am a disinterested person within the meaning of 11 U.S.C. §327(a).

    5.    Except as set forth herein, I nor my firm has any connection with the Debtor, creditors, or other party in interest nor their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the U.S. Trustee as required by Bankruptcy Rule 2014.

    6.    My firm charges $400 an hour for attorneys and $150 an hour for paralegals.

1

7.     Prepetition the Debtor through its business advisor at that time, Lyown Business, 2222 Ponce De Leon Blvd., Suite 5-113, Miami, FL 33134, funded a $15,000 fee retainer on or about October 31, 2023, and $1,700 filing fee cost retainer on November 27, 2023. The Debtor had transferred from its Debtor's bank account the funds to Lyown Business who then funded the retainer to the Attorney. At this time, Lyown Business was providing general business consulting services that included managing the professionals employed by the Debtor.

8.     Before the filing on November 29th, the Attorney invoiced and was paid $6,355 in fees primarily related to the state court litigation pending against the Debtor and funded the $1,738 chapter 11 filing fee, leaving a prepetition retainer balance of $8,607.

9.     Neither said Attorney nor said law firm represents any interest adverse to the Debtor. Neither I nor the firm will accept any fee from any other party, or parties in this case, except the debtors in possession.

10.     State any additional exceptions, including any prepetition fees owed and whether those fees are being waived: None.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Gary M. Murphree, Esq.

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

Subscribed, sworn, and acknowledged before me by means of [X] physical presence or [ ] online notarization, by Gary M. Murphree, who is [X] personally known to me or [ ] produced _____ as identification on February 14, 2024.

_____
Notary Public - State of Florida

*[Notary Seal: BRANDY ABREU, NOTARY PUBLIC, MY COMMISSION EXPIRES 10-19-2027, STATE OF FLORIDA, COMMISSION NUMBER HH 412894]*

2

Exhibit A  Page 2 of 2 Affidavit Disint.

## Attorney-Client Retainer Agreement

THIS AGREEMENT, made and entered into October__, 2023, by and between First Quality Laboratory, Inc., 20861 Johnson Street, Suite 117-118, Hollywood, FL 33029, EIN 01-0857895, (the "Client"), and AM Law LLC, a firm of attorneys practicing law in Southern Florida located at 10743 SW 104th Street, Miami FL 33176 (the "Firm").

WITNESSETH:

NOW, THEREFORE, in consideration of the premises and of the mutual promises and covenants hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto do hereby agree as follows:

1. Client hereby engages and authorizes the Firm to file a petition in its behalf for reorganization under Subchapter 5, Chapter 11 of the Bankruptcy Code, and to undertake all matters appropriate in connection therewith for debtor's counsel, including without limiting, representing Client in any proceeding or hearing in the bankruptcy court, the district court, the circuit court of appeals, the United States Supreme Court, or any other judicial or administrative forum in which any action or proceeding may be pending which may affect Client's rights and assets or claims of creditors. The Firm accepts and agrees to undertake said representation.

2. Client understands and agrees to carry on his business in compliance with the requirements of Chapter 11 and to cooperate with the bankruptcy court, the U.S. Trustee, and the Firm in the providing of information and documents, attending hearings, and exerting his best efforts generally to consider in good faith the Firm's advice and to endeavor successfully to reorganize Client's business.

3. Client authorizes the Firm to negotiate, settle, or compromise all matters in the case as Client's attorney in fact. Client agrees not to undertake such negotiations, settlements, and compromises without availing itself of the legal consultation made available to him under this Agreement.

4. In order to engage the Firm to render the services contemplated by this Agreement, the Client has caused to be paid to the Firm a general retainer in the amount of **$15,000** of which receipt is acknowledged by the Firm, for filing Chapter 11 Subchapter 5. Client understands and agrees that this retainer is and will be considered and treated by the Client and the Firm as, the property of the Firm, not of the Client. The retainer, however, will be retained by the Firm in its accounts as its property, and interest thereon accruing also to be the property of the Firm, and shall be withdrawn and paid to the Firm from time to time as expenses are incurred and as services are rendered, at the Firm's customary hourly rates, during the course of this representation. Beginning from the inception of the representation, the Firm will render periodically itemized statements for said services and expenses. Said statements shall also be disclosed to the bankruptcy court from time to time for its ultimate approval as to the reasonableness thereof, in accordance with the Bankruptcy Code and rules.  A cost retainer consisting of the filing fee for a chapter 11 case of $1,738.00 must also be paid before commencement of representation. This $1,738.00 shall be paid by the Firm to the clerk of the bankruptcy court when the case is filed. Client understands if counter claims emerge from clients, litigation, or extended negotiations emerge, additional time will billed on a per hour basis.

The above retainer is based upon the estimated bankruptcy services that are necessary for a successfully subchapter 5 reorganization which include: advising the Client whether bankruptcy is in the best interest of the Client and what type of bankruptcy is best given the desired outcome, assisting the Client in preparing all the necessary bankruptcy schedules,

statement of financial affairs, plan of reorganization, business projections, drafting a plan of reorganization, attending with you the initial debtor interview, the 341 meeting of creditors, the initial case management conference, and all hearings regarding confirmation of the plan and all post confirmation hearings to close the case. The retainer does not cover litigation that may or may not arise in the reorganization like objections to claims or where creditors want to engage in depositions and other discovery. Should any of the matters arise, I will promptly advise you and provide you an estimate of what the additional fees may be. Since I cannot predicate if and to what extent litigation matters will arise, we don't add these matters to the retainer as they may not be necessary and so there is likely no reason to increase the retainer for something that may not happen. I will keep you advised in advance before undertaking any work that is outside the retainer so you will not be surprised by any fees or costs.

Any additional reimbursement of expenses allowed to the Firm by the bankruptcy court in excess of the cost retainer (hereinafter referred to as "Client Indebtedness") shall be paid by the Client promptly within ten (10) days following the entry of the order of the Court approving the costs.

Should the general retainer ultimately exceed the amount of compensation approved by the bankruptcy court, the Firm will remit the difference to the Client.

5. The Client understands that the current hourly charges of the attorneys who may from time to time be expected to work on the case are: Gary Murphree, $400 per hour, Brandy Abreu $400 per hour, and paralegal Cristina Figarola $175 per hour.

6. Client may terminate the Firm's services at anytime upon 15 days' written notice to that effect, but Client will remain liable for all attorney's fees and expenses as provided herein through the effective date subject to the approval of the Court, the Firm may terminate its services upon like notice if the Client fails to cooperate with the Firm or if the Firm determines, in its reasonable discretion, that continuance of its services would be impractical, unethical, or ineffective.

7. This Firm has made no warranties as to the likely outcome of Client's legal affairs. All expressions made by the Firm, its partners, associates and employees, are matters of general opinion only.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands on the date first set forth above.

**AM Law LLC**

By: /s/ Gary M. Murphree
Gary M. Murphree, manager


**First Quality Laboratory, Inc.**

By: _____
Maria M. Garcia, President

By: _____
Luz F. Garcia

**United States Bankruptcy Court**
**Southern District of Florida**

In re   First Quality Laboratory Inc.                                    Case No.
                                              Debtor(s)                  Chapter   11

# STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, **Maria M. Garcia**, declare under penalty of perjury that I am the **President** of **First Quality Laboratory Inc.**, and I, **Luz F. Garcia**, declare under penalty of perjury that I am the **Vice President** of **First Quality Laboratory Inc.**, that the following is a true and correct copy of the resolutions adopted by the Board of Directors of said corporation at a special meeting duly called and held on the **18** day of **November, 2023**.

"Whereas, it is in the best interest of this corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that **Luz F. Garcia, Vice President** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter 11 voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that **Luz F. Garcia, Vice President** of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that **Luz F. Garcia, Vice President** of this Corporation is authorized and directed to employ **Gary M. Murphree, Esq. 996475**, attorney and the law firm of **A.M. Law, LLC** to represent the corporation in such bankruptcy case."

Date **November 18, 2023**                    Signed _____
                                                      Maria Garcia, President

Date **November 18, 2023**                    Signed _____
                                                      Luz F. Garcia, Vice President

Exhibit  C  Page 1 of 2 Debtor's Resol.

Resolution of Board of Directors
of
First Quality Laboratory Inc.

Whereas, it is in the best interest of this corporation to file a voluntary petition in the the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that Luz F. Garcia, Vice President of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter 11 voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that Luz F. Garcia, Vice President of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that Luz F. Garcia, Vice President of this Corporation is authorized and directed to employ Gary M. Murphree, Esq. 996475, attorney and the law firm of A.M. Law, LLC to represent the corporation in such bankruptcy case.

Date  November 18, 2023                    Signed _____
                                                  Maria Garcia, President

Date  November 18, 2023                    Signed _____
                                                  Luz F. Garcia, Vice President

Exhibit  C  Page 2 of 2 Debtor's Resol.